PER CURIAM.
Prentice Johnson became involved in an altercation with a bouncer outside a club. He and two friends of his, who were also involved, left the club when the fight broke up. He returned to the club later the same night and started arguing with the bouncer, who was walking two co-workers to their cars in a nearby parking lot. One of the men with Johnson walked around the corner of the building and shot the bouncer.
The critical testimony at trial was mainly from the third man who was with the two defendants that night. He testified that Johnson was driving. Johnson and the co-defendant were angry when they left the club and were talking about shooting somebody. Both men were armed when they returned. They both got out of the car and started walking fast toward the club. The witness lost sight of them as they walked behind the club. When he came around the building, the co-defendant was shooting the bouncer.
The jury convicted Johnson of attempted first-degree murder with a firearm and *388 conspiracy to commit first-degree murder with a firearm.
Johnson appealed his conviction and sentence. He asserted that the trial court erred in denying his motion for judgment of acquittal, alleging that Brumbley v. State mandated granting his motion. 453 So.2d 381 (Fla.1984). We disagree. In the instant case, the witness’s testimony established more affirmative acts on Johnson’s part than did the witness testimony in Brumbley. The witness in the instant case testified that Johnson discussed getting revenge, drove the car back to the club, and armed himself. On those facts, we affirm the trial court’s denial of the motion.
Johnson also appeals his sentence on several grounds. We find merit in his contention that the sentence did not conform to the trial judge’s oral pronouncement. The trial court at sentencing ordered the State to prepare the defendant’s scoresheet without reclassification under sections 775.087 or 775.084 of the Florida Statutes. However, the defendant’s score-sheet shows that each offense was classified as level ten, which indicates the one-level increase permitted by section 775.087 of the Florida Statutes. Without reclassification, both offenses are properly classified as level nine. Accordingly, we reverse and remand for re-sentencing.
In sum, we affirm the conviction but reverse the sentence and remand for re-sentencing.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR RE SENTENCING.
GUNTHER, WARNER and GROSS, JJ., concur.